**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TAMKIN HUSSAIN, <br><br> *Plaintiff*, <br><br> v. <br><br> NATALIE A. BAKER, Chargé d'Affaires, <br> U.S. Embassy in Pakistan, *et al.*, <br><br> *Defendants*. | Civil Action No. 25‑3075 (SLS) <br><br> Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

In June 2021, Pakistani citizen Tamkin Hussain filed an application for an EB-2 visa, which provides a path to permanent residence for highly skilled foreign professionals. The U.S. Embassy in Pakistan interviewed Dr. Hussain in 2024, and then placed her application in administrative processing. Since then, the Department of State has taken no further action on Dr. Hussain's application. Dr. Hussain sued Natalie A. Baker, Chargé d'Affaires at the U.S. Embassy in Pakistan, and Marco Rubio, Secretary of State, seeking an order to compel them to adjudicate her visa application. The Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although the Court is aware of the systemic delays in our immigration system and sympathetic to Dr. Hussain's frustrations, it cannot grant the relief that she seeks.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Dr. Hussain is a citizen of Pakistan. Compl. ¶ 15, ECF No. 1. She previously spent time in the United States while completing her Ph.D. program. Compl. ¶ 4. On June 2, 2021, Dr. Hussain

submitted all the necessary paperwork to apply for an EB-2 visa, which "is available to noncitizens with 'advanced degrees' or 'exceptional ability.'" *Masroor v. Noem*, No. 25-cv-256, 2025 WL 2439176, at *1 (D.D.C. Aug. 25, 2025) (quoting 8 U.S.C. § 1153(b)(2)(A)); Compl. ¶¶ 2, 18, 20. In 2024, Dr. Hussain completed an interview for her visa at the U.S. Embassy in Pakistan. Compl. ¶ 21. Following that interview, Dr. Hussain's application was placed in "administrative processing," where it has since remained. *Id.* ¶ 22.

In September 2025, Dr. Hussain sued the Secretary of State and Chargé d'Affaires at the U.S. Embassy in Pakistan. *Id.* She alleges that the Defendants have unreasonably delayed adjudicating her visa application, and she seeks a writ of mandamus and relief under the Administrative Procedure Act (APA). *Id.* ¶ 11. In January 2026, the Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. Dismiss, ECF No. 5. That motion is fully briefed and ripe for review. *See* Opp'n, ECF No. 7; Reply, ECF No. 9.

## LEGAL STANDARD

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When reviewing a motion to dismiss under Rule 12(b)(6), courts 'must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Sadiq v. Rubio*, No. 25-cv-2448, 2026 WL 913084, at *1 (D.D.C. Apr. 3, 2026) (quoting *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012)). "But courts need not accept as true 'a legal conclusion couched as a factual allegation,' nor an inference unsupported by the facts set forth in the complaint." *Id.* (quoting *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)).

2

**DISCUSSION**

The Defendants make several arguments in support of dismissal, including that they have no duty to take further action on Dr. Hussain's visa application and that her claims are barred under the doctrine of consular non-reviewability. Mot. Dismiss 1. "The Court has previously addressed and rejected identical arguments in similar cases." *Sadiq*, 2026 WL 913084, at *2 (first citing *Thein v. Trump*, No. 25-cv-2369, 2025 WL 2418402, at *7–11 (D.D.C. Aug. 21, 2025); and then citing *Motevali v. Rubio*, No. 24-cv-1029, 2025 WL 885116, at *5–6 (D.D.C. Mar. 21, 2025)). But here, "the Court need not address these arguments because, even assuming that [Dr. Hussain] prevails on those issues, [her] claims ultimately fail." *Id.*; *see Dep't of State v. Muñoz*, 602 U.S. 899, 908 n.4 (2024) ("[T]he doctrine of consular nonreviewability is not jurisdictional[.]"); *Sereshti v. Gaudiosi*, No. 24-cv-1288, 2024 WL 4625802, at *6 (D.D.C. Oct. 30, 2024) (assuming without deciding the existence of a nondiscretionary duty and collecting cases).

"The standards for reviewing agency inaction—including visa processing delays—are the same under the APA and Mandamus Act, so the Court will address both claims together." *Doroodchi v. Rubio*, No. 24-cv-3170, 2025 WL 1865114, at *2 (D.D.C. July 7, 2025). "Unreasonable delay is measured by six factors," known as the "*TRAC* factors." *Motevali*, 2025 WL 885116, at *6; *see Telecommunications Research and Action Center v. FCC* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984). The factors are:

1. the time agencies take to make decisions must be governed by a rule of reason;
2. where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
3. delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
4. the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

5. the court should also take into account the nature and extent of the interests prejudiced by delay; and

6. the court need not find any impropriety lurking behind the agency lassitude in order to hold that agency action is unreasonably delayed.

*Motevali*, 2025 WL 885116, at \*6 (quoting *Khazaei v. Blinken*, No. 23-cv-1419, 2023 WL 6065095, at \*6 (D.D.C. Sep. 18, 2023)). "[C]ourts applying the *TRAC* factors at the motion-to-dismiss stage apply them 'not to determine whether there has been an unreasonable delay, but to determine if a plaintiff's complaint alleged facts sufficient to state a plausible claim for unreasonable administrative delay.'" *Id.* (quoting *Giza v. Blinken*, No. 23-cv-1641, 2024 WL 3967284, at \*5 (D.D.C. Aug. 27, 2024)). Here, Dr. Hussain's Complaint does not sufficiently allege a claim of unreasonable delay.

### 1. *TRAC* Factors One & Two

The first *TRAC* factor "asks whether the [agency's] response time is governed by a 'rule of reason'" and "is widely understood to be the 'most important' aspect of the analysis.'" *Id.* at \*7 (quoting *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)). "The second factor 'gives content to the first': 'where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.'" *Thein*, 2025 WL 2418402, at \*12 (first quoting *In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999); and then quoting *TRAC*, 750 F.2d at 80). Neither Party has identified a mandatory timeline for visa adjudication. In such cases, "courts in this District 'typically turn to case law as a guide'" to determine whether a delay is unreasonable. *Motevali*, 2025 WL 885116, at \*7 (quoting *Niyomwungere v. Blinken*, No. 24-cv-1990, 2024 WL 5075827, at \*4 (D.D.C. Dec. 11, 2024)).

"Courts in this District label delays 'between three to five years' as reasonable." *Id.* (quoting *Ahmed v. Blinken*, 759 F. Supp. 3d 1, 12 (D.D.C. 2024)). And "[u]nder this District's

4

prevailing approach, 'the proper method for calculating delay is the length of time between the last action the government took on a visa application and the filing of plaintiff's complaint.'" *Sadiq*, 2026 WL 913084, at *3 (cleaned up) (quoting *Isse v. Whitman*, No. 22-cv-3114, 2023 WL 4174357, at *6 n.4 (D.D.C. June 26, 2023)). Although Dr. Hussain alleges that she filed her EB-2 application in 2021, Compl. ¶ 18, the Court must calculate her delay based on the government's last action, which was an interview at the U.S. Embassy in Pakistan on August 27, 2024, Compl. ¶ 21. So Dr. Hussain's delay totals just over one year between August 2024 and when Dr. Hussain filed her Complaint in September 2025. Because this delay does not exceed what courts in this District recognize as reasonable, the first and second *TRAC* factors weigh in the Defendants' favor.

### 2.  *TRAC* Factor Four

"The fourth factor addresses the effect of expediting delayed action on agency activities of a higher or competing priority." *Thein*, 2025 WL 2418402, at *13 (internal quotation marks and citations omitted). "This factor 'strongly disfavors' plaintiffs whose request is akin to cutting the line of applications ahead of them, which would 'disrupt competing agency priorities with no overall improvement in the [agency's] backlog.'" *Motevali*, 2025 WL 885116, at *8 (quoting *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 343 (D.C. Cir. 2023)). According to the Defendants, this is such a queue-jumping scenario. Mot. Dismiss 17. Dr. Hussain responds that the Defendants have not provided any evidence about how they order their priorities or whether they use a queue to complete administrative processing. Compl. ¶ 52. "But at the motion-to-dismiss stage, the focus is on the 'factual matter' alleged in the Complaint." *Sadiq*, 2026 WL 913084, at *4 (quoting *Iqbal*, 556 U.S. at 678). Dr. Hussain's suggestion that the Defendants do not use a queue or other formal ordering system is "'entirely speculative' because [her] Complaint 'pleaded no facts to support it.'" *Id.* (quoting *Niyomwungere*, 2024 WL 5075827, at *5).

"In similar cases—*i.e.*, challenges to visa-application delays in which the complaint is silent about the effect of relief on other visa applicants—courts have held that this factor favors defendants." *Id.* (collecting cases). The same is true here.

### 3.    *TRAC* Factors Three & Five

*TRAC* factors three and five "focus on the interests affected by agency delay." *Afghan and Iraqi Allies v. Blinken*, 103 F.4th 807, 817 (D.C. Cir. 2024). They "examine 'the nature and extent of the interests prejudiced by the delay,' including whether 'human health and welfare' might be implicated." *Isse*, 2023 WL 4174357, at *7 (quoting *TRAC*, 750 F.2d at 80). Dr. Hussain reports that she has suffered emotionally, professionally, and financially because of the delay in adjudicating her visa. Compl. ¶¶ 5–7. Multiple employers have told her that she is not an eligible candidate due to her lack of a visa. *Id.* ¶ 5. As a result, Dr. Hussain has not been able to achieve financial independence and has suffered considerable stress and anxiety. *Id.* ¶ 5–7. The Court takes these injuries seriously. *TRAC* factors three and five thus tip slightly in Dr. Hussain's favor. *See Rashidian v. Garland*, No. 23-cv-1187, 2024 WL 1076810, at *9 (D.D.C. Mar. 8, 2024) (finding that professional and financial harms "at least arguably tilt in Plaintiffs' favor"); *Ahmadi v. Scharpf*, No. 23-cv-953, 2024 WL 551542, at *6 (D.D.C. Feb. 12, 2024) (finding that *TRAC* factors three and five weigh in the plaintiffs' favor because a visa delay caused them to suffer anxiety in addition to financial, professional, and personal harms).

### 4.    *TRAC* Factor Six

Lastly, "*TRAC* factor six asks the court to consider 'whether there is any impropriety lurking behind agency lassitude.'" *Motevali*, 2025 WL 885116, at *8 (quoting *Da Costa.*, 80 F.4th at 345). As Dr. Hussain has not alleged impropriety, "this factor is neutral." *Id.*

*     *     *

The Court recognizes Dr. Hussain's frustration with "the well-documented delays in our visa-adjudication system." *Sadiq*, 2026 WL 913084, at *4. But here, the facts alleged in her Complaint are insufficient to state a claim for unreasonable delay. The Court must grant the Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss, ECF No. 5. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   June 24, 2026